#82931
CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 JUN 24  PM 1:51
DEPUTY CLERK _____

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

Rodger C. Weems,
Plaintiff

Civil Action Number

v.

Dallas Independent School District,
Defendant

**3-15CV-2128L**

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW RODGER C. WEEMS, hereafter "Plaintiff")** and files this, his Plaintiff's Original Complaint. Plaintiff would respectfully show the Honorable Court as follows:

1. **Plaintiff.** Plaintiff is an individual who resides at 2350 Ravenwood Drive, Grand Prairie, Tarrant County, Texas 75050. This address is within the geographic boundary served by the United States District Court, the Northern District of Texas.

2. **Defendant.** The Dallas Independent School District (hereafter "Defendant") is a tax-supported governmental entity, a public school district located within Dallas County, Texas. As a public entity, Defendant has no registered agent. Service of process may be executed at Legal Department, Dallas Independent School District, 3700 Ross Avenue, Dallas, Texas 75204.

3. **Jurisdiction.** Plaintiff resides within the geographic boundaries of the Court. Defendant operates a public school district within the geographic boundaries of the Court. Defendant employees in excess of fifteen (15) employees. All relevant events described within this Plaintiff's Original Complaint occurred within the city of Dallas, Texas. The Court has jurisdiction over this matter under (but not limited to) Title VII of the Civil Rights Act of 1964 [42 USC Section 2000 et. seq (1964)]; the Age Discrimination in Employment Act of 1990 (ADEA) [29 USC Section 623 (2000); Title I of the Americans with Disabilities Act (ADA) {42 USC Section 12101 et. seq]; and Sections 102 and 103

Plaintiff's Original Complaint, *Rodger Weems v. Dallas Independent School District*

of the Civil Rights Act of 1973 [29 USC 794]. Plaintiff reserves the right to supplement and amend this Complaint subject to the statutes and rules governing the Court.

The Court also has jurisdiction over Plaintiff's complaint as Defendant is an employer holding federal contracts. Defendant has violated Executive Order 11246, as amended; and Section 503 of the Rehabilitation Act of 1976, as amended [29 USA Section 701 et. Seq.] in that Defendant (but not limited to) has directly violated Plaintiff's own employment rights and has also unlawfully retaliated against Plaintiff for opposing discrimination under these and other federal laws.

**4. Defendant not entitled to governmental immunity.** Defendant is not entitled to any claim, defense, and/or affirmative defense of governmental immunity as the actions of which Plaintiff complains are forbidden by the statutes cited herein. Violations by governmental entities, including public school districts, are actionable in federal Court. Plaintiff has waived no rights.

**5. All administrative prerequisites exhausted.** (A.) Plaintiff has satisfied all required prerequisites of filing this Complaint. Plaintiff timely filed a Charge of Discrimination with the Dallas, Texas District Office of the United States Equal Employment Opportunity Commission hereafter "EEOC") on December 4, 2013, within the one hundred eighty (180) day filing deadline. The EEOC accepted Plaintiff's Charge of Discrimination as timely and lawfully filed. The EEOC Dallas District Director Janet Elizondo notified Plaintiff by letter dated March 26, 2015 of its disposition of Plaintiff's complaint, enclosing a Dismissal and Notice of Rights. (Exhibit "A", hereinafter "90-day letter."). This Complaint is timely filed within ninety (90) days of Plaintiff's receipt of this March 26, 2015 letter and Dismissal and Notice of Rights.

Notwithstanding the above, Plaintiff strongly denies a statement in paragraph three (3) of EEOC District Director Janet V. Elizondo's March 26, 2015 90-day letter to Plaintiff: "While not inherently controlling in our evaluation of the charge, we note the absence of significant direct evidence of discrimination and the lack of potentially relevant witnesses who could provide specific, relevant evidence in support of your evaluation."

This statement is not supported by fact. The EEOC employee who interviewed Plaintiff on December 4, 2013 and received his complaint declined to interview a witness for Plaintiff who accompanied Plaintiff to the EEOC Dallas office on that date. That

witness was Dr. Juanita Wallace, president of the Dallas branch of the NAACP and retired Dallas ISD administrator. Dr. Wallace has directly relevant facts which verify Plaintiff's claims of discrimination, but the EEOC employee who interviewed Plaintiff was not interested in hearing them and would not even allow Dr. Wallace to come into the interview room with Plaintiff. Plaintiff also noted to an EEOC supervisor on December 4, 2013 that he had additional evidence which the EEOC interviewer had not seen and a witness (Dr. Juanita Wallace), who was at that moment seated in the EEOC waiting room a few feet away.

(B.) The Policies and Procedures enacted by the Board of Trustees of the Dallas Independent School District specifically exclude charges of discrimination from Defendant's local employee grievance process related to the federal statutes under which Plaintiff complains (Policy DGBA Local, page 1 of 6, "Exceptions.") Therefore, no internal administrative grievance was either available to nor required from Plaintiff as a prerequisite to filing this Complaint.

6. **Statement of facts.** (A.) At all dates relevant to this Complaint, Plaintiff was a certified public school teacher, certified by the Texas State Board of Educational Examiners (hereafter "SBOE"). On all dates of Defendant's actions of which Plaintiff complains, Plaintiff was certified to teach secondary English language arts; secondary speech; secondary reading, and secondary composite social studies; which includes all histories, geography, and economics. [The term "secondary" as used herein refers to public school grades six (6) through twelve (12).] Plaintiff was also qualified by completion of thirty (30) clock hours to teach talented and gifted (TAG) student, and at various times during his employment with Defendant did teach talented and gifted students and classes, among other duties.

(B.) Plaintiff began employment as a teacher for the Dallas Independent School District on August 1, 2001. He taught at Thomas A. Edison Middle Learning Center from August 1, 2001 until transferring to Alex W. Spence TAG Academy and Middle Learning Center in October 2010. (Both campuses are Dallas Independent School District schools, and both were Learning Centers until termination of the Learning Center program.)

(C.) At all times during which Plaintiff was employed by Defendant, Plaintiff received employee evaluations of "Proficient" or above. Further, during the final 2012-2013 year in which Plaintiff was employed by Defendant, Plaintiff's employee evaluation was not only scored as Proficient overall on his Summative Annual Appraisal, but was also Proficient in Domains I, II, III, IV, VII, and VIII and Exceeds Expectations (the

highest possible rating) in Domain V [Professional Communications] and VI [Professional Development]. In no domain or sub-domain did Plaintiff receive an evaluation lower than Proficient.

(D.) On or about March 21, 2013 Plaintiff was called from his classroom to the office of Roberto Basurto, principal of Spence TAG Academy and Middle Learning Center. There, he was informally informed that his teaching contract with Defendant would not be recommended for renewal. Plaintiff used his cane to walk to the principal's office for this informal notice. The first formal notice to Plaintiff was by letter dated April 8, 2013. On May 23, 2013 another notice was given to Plaintiff, followed by a third dated June 10, 2013.

(E.) The last day of school was June 13, 2013, and Plaintiff's last day on campus was a teacher workday on June 14, 2014, on which he emptied his classroom and turned in his key. Plaintiff remained under contract with Defendant until August 31, 2013,during which time he received salary and benefits. Plaintiff's employment with Defendant ended after August 31, 2013.

(F.) At all dates from the 2001-2002 school year through the 2012-2013 school year, inclusive, Plaintiff was offered and accepted teaching contracts with Defendant, successfully fulfilling those contracts..

7. **Stated reasons for non-renewal a pretext.** The April 8, 2013 Notice of Intent to Recommend Non-Renewal was "[due to a programmatic change and/or budget reduction at your campus." Plaintiff would respectfully show the Court that the stated reasons for non-renewal were merely a smokescreen or pretext. Plaintiff would show that there was merely a class change, not a program change as related to Plaintiff's teaching area. Plaintiff would further show that that regardless of whether there was or was not a budget reduction at Alex W. Smith TAG Academy and Learning Center [Plaintiff does not admit nor stipulate that there was actually any such claimed budget reduction], there were teaching vacancies for which Plaintiff was both qualified and experienced, but which Defendant failed and/or refused to fill with permanent, certified teachers such as Plaintiff, despite the requirements of the Texas Education Code, by which Defendant is governed.

8. **First Charge: Age Discrimination.** By terminating Plaintiff's employment, Defendant has violated the Age Discrimination in Employment Act of 1990 (ADEA) [29 USC 623]. At the time of all events described in this Complaint, Plaintiff was over forty (40) years of age. Plaintiff was a successful, dedicated, skilled classroom teacher, as demonstrated by the recommendations of assistant principal Nena G. Sasser (Plaintiff's

first line supervisor and appraiser) and Roberto Basurto (Plaintiff's second line supervisor). Instead of failing and/or refusing to renew Plaintiff's teaching contract, Defendant could have merely reassigned Plaintiff to one of the vacant teaching positions for which Plaintiff was certified, qualified, and experienced. Plaintiff specifically asked principal Roberto Basurto to consider him for one of the vacant teaching positions but was not considered, despite the glowing recommendation Principal Basurto had written on behalf of Plaintiff.

On or about July 1, 2012, Defendant employed Floyd Mike Miles to be superintendent of schools (general superintendent), even though Miles lacked at the time a superintendent's certification in the state of Texas. To borrow a phrase from the *Dallas Morning News,* Floyd Mike Miles has an "obsession with youth." He has placed numerous employees in positions of authority in Defendant's employ who are under the age of thirty (30), some at salaries of over $100,000 per year. Renewal of Plaintiff's teaching contract was never even remotely in question until Floyd Mike Miles became Defendant's superintendent of schools.

Floyd Mike Miles received his training to be a school superintendent from the Broad Academy. Plaintiff would show the Court that Broad-trained superintendents in other cities have systematically terminated experienced employees, especially teachers. Since Floyd Mike Miles became Defendant's superintendent in June 2012, Defendant has adopted a similar practice of unlawful age discrimination. Plaintiff would further show the Court that Superintendent Floyd Mike Miles' self-described "disruptive leadership" is merely a pretext for unlawful discrimination.

Plaintiff would show the Court that the non-renewal of Plaintiff's teaching contract was part of a concerted effort to rid the district of experienced teachers above the age of forty (40), in direct violation of the Age Discrimination in Employment Act of 1990, and Plaintiff's individual rights under the Age Discrimination in Employment Act of 1990 have been violated.

**8. Second Charge: Disability Discrimination.** While continuing to rely on the above, and while not waiving same, Plaintiff would further show the Court that Defendant has violated Title I and Title V of the Americans with Disabilities Act of 1990, as amended [42 USC Section 12101 et. seq].

On February 14, 2013, during Plaintiff's final teaching contract with Defendant, he had major knee surgery, to repair a torn meniscus (connective tissue attaching the kneecap). Plaintiff used his final two (2) remaining days of sick leave for his surgery

date (February 14) and the day after (February 15). Since he could not be certain in advance how long his recovery would take, before his surgery he applied for and was granted Family Medical Leave Act (hereafter FMLA) protection by Defendant.

Although Plaintiff's knee surgeon stated that he would have signed a request for FMLA leave for up to twelve (12) weeks, Plaintiff returned to work on Monday, February 18, 2013. Upon return, Plaintiff cancelled his FMLA request; and submitted and was granted intermittent FMLA, which permitted him to be absent as needed due to his knee surgery. In fact, Plaintiff only used two (2) days of intermittent FMLA during the remainder of the school year. Intermittent FMLA expired near the end of the school year, and Plaintiff had no absences after the expiration of intermittent FMLA.

For the first week, Plaintiff relied on a rented motorized electric indoor mobility school. During that first week, Plaintiff taught of his classes, attended required meetings, created and turned in lesson plans, graded student assignments, and performed all other assigned duties. These duties included (but were not limited to ) duty at the school's metal detector before began in the morning, and lunch cafeteria duty.

For the second and several subsequent weeks of intermittent FMLA, Plaintiff relied on a walking cane. In fact, when Plaintiff was called to the school office for both the informal notice of non-renewal on March 21, 2013 and the first formal notice of non-renewal on April 8, 2013, he used his cane. Plaintiff was covered by FMLA protection during both of the aforementioned notice Plaintiff's second formal notice of non-renewal came on May 23, 2013, during which he was also covered by FMLA protection. Plaintiff received a third and final notice of non-renewal on June 10, 2013.

Plaintiff charges that Defendant regarded Plaintiff as disabled and incapable while ignoring the fact that he was able to perform, and did in fact perform all duties of his teaching contract. Plaintiff also charges that Defendant targets for termination employees who lawful avail themselves of FMLA protection.

9. **Third Charge: Retaliation.** While continuing to rely on the above, and without waiving same, Plaintiff would further show that Defendant unlawfully retaliated against Plaintiff for his lawful and respectful efforts to reform Defendant's funding, employment, and discrimination policies and practices. Plaintiff's advocacy activities were tactful, appropriate, peaceful, and with well within his rights. Such rights are protected by the Civil Rights Act of 1964, as amended.

- 6 -

(A.) At the time of his non-renewal, Plaintiff was education committee chair of the Dallas NAACP. In that role, he opposed Defendant's practices which the NAACP regarded as discriminatory. He appropriately and respectfully advocated on behalf of students, teachers, and schools who were being mistreated and/or deprived of their lawful rights by Defendant, including (but not limited) rights afforded by the laws cited in this Complaint.

(B.) Plaintiff also advocated for continuation of the former Dallas Independent Learning Centers. The DISD Learning Centers were established under federal court order as settlement of the *Tasby v Estes* [642 F.2d 1103] desegregation lawsuit and provided for additional funding, staffing, and services for students--in general, an education that give the students in the Learning Centers the same educational opportunities as other students. Defendant was released from federal court supervision in 2003. As part of the release from court supervision, the district entered into certain binding Covenants and Commitments. Notwithstanding the Covenants and Commitments, Defendant defunded the Learning Centers in 2006, effectively eliminating them in all but in name. Plaintiff charges that the defunding of the Learning Centers was a constructive termination of the Learning Centers, which could only have been accomplished by a supermajority of Defendant's Board of Trustees under the Covenants and Commitments. Instead, the Board of Trustees only voted to defund the Learning Centers by a simple majority. Additionally, Plaintiff charges that the defending was unlawful for one or more reasons and reserves the right to amend this Complaint, enumerating Defendant's unlawful acts.

At all times while Plaintiff was in Defendant's employ, Plaintiff taught at one of Defendant's Learning Centers. Due to extra duties, a longer workday, and additional professional development days mandated by the federal desegregation suit beyond those required of other teachers, Plaintiff received supplemental pay. Had Defendant not unlawfully executed a constructed cancellation of the Learning Centers by defunding them, Plaintiff would have continued to receive such supplemental payments. Plaintiff respectfully asks the Court to award, as damages, additional damages, or punitive damages, equal to those sums that Plaintiff would have received had the Learning Centers not been cancelled.

(C.) Plaintiff was also, at the time of all events described in this Complaints, an at-large leader for Alliance AFT, the branch of Texas Federation of Teachers and American Federation of Teachers (AFL-CIO). Although there are other organizations representing some of Defendant's employees in various matters, Alliance AFT is the sole elected consultation organization for employees of Defendant and is recognized as such

by Defendant. In this role, Alliance-AFT engages in "consultation," not in collective bargaining, with is not lawfully permitted in Texas.

Due in part to Plaintiff's advocacy for the Dallas Independent School District's Learning Centers, Plaintiff was appointed as an "at large leader" of Alliance-AFT by former Alliance-AFT President Aimee Bolander and continued in that role until the very last day of his employment by Defendant. The current Alliance-AFT, Rena Honea, is also familiar with Plaintiff's work as an at large leader of the organization during his employment with Defendant.

Plaintiff charges that his non-renewal as a teacher for Defendant constituted unlawful retaliation under Title VII of the Civil Rights Act if 1964, as amended; the Age Discrimination in Employment Act of 1967, as amended; and Title I and Title V of the Americans With Disabilities Act of 1990, as amended.

**10. Relief requested.** Plaintiff requests of the Court lost wages in the amount of $230,124.00, lost benefits in the approximate amount of $25,807.44, lost Learning Center Supplement in such amount as the Court shall award; and punitive damages such as the Court may order, and other relief such as the Court shall award.

**11. Request for jury trial.** Plaintiff respectfully requests a trial by jury.

**12. Prayer.** Wherefore, premises considered, Plaintiff respectfully prays that the Court find that Defendant has violated the statutes enumerated within this Complaint; that Plaintiff has been damaged in the amounts stated within this Complaint; that Plaintiff is entitled to punitive damaged authorized under the statutes referenced within this Complaint within the discretionary authority of this Court to award, and other relief such as the Court may award.

Respectfully submitted,

*[signature]*

Rodger Weems, Plaintiff
2350 Ravenwood Drive,
Grand Prairie, Texas 75050
Phone: 817-938-3131
Email: *rweems2350@gmail.com*

Date 6/24/15

- 8 -

## VERIFICATION

I, Rodger C. Weems, Plaintiff in the above-styled and numbered Plaintiff's Original Complaint, caused Defendant Dallas Independent School District to be served with this document by U.S. certified mail, return receipt requested, on this ___24th___ day of June, 2015.

_____
Rodger C. Weems, Plaintiff



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Dallas District Office

207 S. Houston Street, 3rd Floor
Dallas, TX 75202-4726
Toll Free: 866-408-8075
Potential Charge Inquiries: 800-669-4000
TTY (214) 253-2710
FAX (214) 253-2720
http://www.eeoc.gov

Dallas District Office
   San Antonio Field Office
   El Paso Area Office

Rodger C. Weems
2350 Ravenwood Dr.
Grand Prairie, TX 75050

EXHIBIT "A"

Dear Mr. Weems:

This is to advise that we have determined to dismiss your charge of employment discrimination (Chg. No.450-2014-00656C) against Dallas I.S.D. Our assessment of the charge included careful consideration of all the information offered by the employer and you.

As you probably know, in 1995, our agency moved toward a more strategic enforcement approach with the adoption of new priority charge handling procedures which require our staff to make careful decisions to ensure that our available resources are focused on those charges which we believe, based on our extensive experience in interpreting the laws we enforce, are most likely to result in findings of violation. While reasonable persons may differ in their views of the available evidence pertaining to individual charges, the overall effect of our operational approach has been that a very large number of non-meritorious cases have been eliminated from our national workload, allowing for more timely and careful attention to other charges more likely to result in significant civil rights enforcement gains.

Our review of your charge indicated that it is very unlikely that further investigation would yield sufficient evidence to establish a violation of the laws we enforce. The available evidence is insufficient to impugn the validity of the employer's contention that your employment experiences, including your termination, were the result of your contract not being renewed due to "programmatic change and/or budget reduction." The evidence does not support a conclusion that your race, age, disability or retaliation was a factor in your experiences. While not inherently controlling in our evaluation of the charge, we note the absence of significant direct evidence of discrimination and the lack of potentially relevant witnesses who could provide specific, relevant evidence in support of your allegations. Accordingly, we decline to take further action on the charge. The enclosed **Determination and Notice of Rights** represents a final determination by the U.S. Equal Employment Opportunity Commission (EEOC) and describes your right to pursue the matter by filing a lawsuit within 90 days of receipt of the notice. If you fail to file a lawsuit within the statutory 90-day period, your right to sue in federal court will expire and cannot be restored by EEOC.

You may wish to consider consultation with private counsel who specializes in employment law for an assessment of your circumstances and the likelihood of prevailing in any litigation you may initiate. Your local bar association may be able to provide referrals to local attorneys.

We hope this information is helpful to you.

Sincerely,

Janet V. Elzondo
District Director    Date 3/26/15

Enclosure

EEOC Form 161 (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Rodger C. Weems<br>2350 Ravenwood Dr.<br>Grand Prairie, TX 75050 | From: Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

A-2

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2014-00656 | Juan F. Munoz, Investigator | (214) 253-2774 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Janet V. Elizondo,
District Director

3/26/15
(Date Mailed)

cc: **Mary McCants**
**EO Compliance Manager**
**DALLAS INDEPENDENT SCHOOL DISTRICT**
**3700 Ross Avenue**
**Dallas, TX 75204**

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Rodger C. Weems

**(b)** County of Residence of First Listed Plaintiff: Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
N/A

## DEFENDANTS
Dallas Independent School District

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

[Stamp: 3-15CV-2128L  RECEIVED JUN 24 2015 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS]

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District (specify)    ☐ 6 Multidistrict Litigation

and 29 USC 794

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC § 2000e et seq.; 29 USC § 623; 42 USC 12101 et seq.

Brief description of cause:
Age and discrimination discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ See Complaint
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 6/24/15
SIGNATURE OF ATTORNEY OF RECORD: Rodger Weems, pro se

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____